IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES FRANK,<br><br>               Plaintiff,<br><br>   vs.<br><br>WILBUR-ELLIS COMPANY SALARIED EMPLOYEES LTD PLAN; LIFE INSURANCE COMPANY OF NORTH AMERICA,<br><br>               Defendants.<br>_____/ | CASE NO. CV F 08-0284 LJO GSA<br><br>**ORDER ON PLAINTIFF'S MOTION TO STRIKE PORTIONS OF DEFENDANTS' ANSWER AND TO DEEM ALLEGATIONS ADMITTED**<br>(Doc. 25.) |

**INTRODUCTION**

Plaintiff James Frank ("Mr. Frank") seeks to strike several paragraphs of and an affirmative defense in defendants'[1] answer to his amended complaint pursing ERISA[2] claims that defendants wrongfully terminated Mr. Frank's disability benefits and life policy premium waiver. As an alternative, Mr. Frank seeks to have allegations of his amended complaint deemed admitted. Defendants challenge Mr. Frank's requested relief as an improper attempt to remove an unfavorable medical form from the administrative record. This Court considered Mr. Frank's F.R.Civ.P. 12(f) motion to strike and alternative motion to deem allegations admitted on the record and VACATES the September 30, 2008 hearing, pursuant to Local Rule 78-230(h). For the reasons discussed below, this Court ORDERS

---

[1] Defendants are the Wilbur-Ellis Company Salaried Employees Ltd. Plan of New York ("Plan") and Life Insurance Company of North America ("LINA"). The Plan and LINA will be referred to collectively as "defendants."

[2] "ERISA" is the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001, et seq.

1

defendants to file an amended answer to satisfy F.R.Civ.P. 8(b) and F.R.Civ.P. 11(b) requirements and strikes the affirmative defense as Mr. Frank requests.

## BACKGROUND

### Mr. Frank's Disability And Benefits Termination

Staring in 1981, Mr. Frank worked as an agricultural equipment salesman at Wilbur-Ellis Company ("Wilbur-Ellis"). Through his employment, Mr. Frank participated in the Plan, which provides disability and life insurance for Wilbur-Ellis employees and their families through LINA policies. LINA is the Plan's claims administrator.

In April 2000, Mr. Frank became disabled due to right knee osteoarthritis. LINA determined that Mr. Frank was disabled under the Plan. In May 2000, Mr. Frank started to receive long-term disability ("LTD") benefits.[3] In August 2006, LINA determined, based on "the medical evidence in the administrative record," that Mr. Frank was no longer disabled under the Plan and terminated his LTD benefits and life policy premium waiver. LINA based its termination decision in part on a June 26, 2006 Physical Abilities Assessment ("PAA") signed by Malcolm E. Ghazal, M.D. ("Dr. Ghazal"). The PAA indicates that Mr. Frank is capable to work an eight-hour day with "positional changes and meal breaks."

### Mr. Frank's Amended Complaint And Defendant's Answer

Mr. Frank's July 23, 2008 amended complaint alleges that defendants wrongly found him disabled and pursues ERISA claims that defendants wrongly discontinued his LTD benefits and wrongly dishonored his waiver of life policy premiums based on his continued disability. The amended complaint alleges Mr. Frank's damages of lost LTD benefits and higher life policy premiums.

Defendants filed an August 11, 2008 answer to Mr. Frank's amended complaint, and Mr. Frank takes issue with the responses of defendants' answer to many of the amended complaint's allegations, and those responses will be discussed below. Mr. Frank notes he would propound requests for admission to address defendants' responses but defendants contest discovery in this ERISA action in that this Court is limited to de novo review of defendants' denial of Mr. Franks benefits. As such, Mr. Frank

---

[3] Defendants note that to recover LTD benefits, a claimant must establish that due to sickness or injury, he/she is "unable to perform all the material duties of any occupation for which he or she may reasonably become qualified based on education, training or experience." Defendants assert that Mr. Frank is not disabled if he is able to perform a job for which he is qualified or for which he can become reasonably qualified by training, education or experience.

claims he must seek to strike defendants' responses or deem his allegations admitted.

## DISCUSSION

### Motion To Strike Standards

F.R.Civ.P. 12(f) empowers a court to strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter." Motions to strike may be granted if "it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation." *LeDuc v. Kentucky Central Life Ins. Co.*, 814 F.Supp. 820, 830 (N.D. Cal. 1992); *Colaprico v. Sun Microsystems, Inc.*, 758 F.Supp. 1335, 1339 (N.D. Cal. 1991). "[T]he function of a [F.R.Civ.P.] 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 114 S.Ct. 1023 (1994); *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). The grounds for a motion to strike must appear on the face of the pleading under attack or from matter which the court may judicially notice. *Securities Exchange Comm. v. Sands*, 902 F.Supp. 1149, 1165 (C.D. Cal. 1995).

An "immaterial" matter has no essential or important relationship to the claim for relief or defenses pleaded. *Fantasy, Inc.,* 984 F.2d at 1527; *Gilbert v. Eli Lilly & Co., Inc.*, 56 F.R.D. 116, 120, n. 5 (D. P.R. 1972); *Fleischer v. A.A.P., Inc.*, 180 F.Supp. 717 (D. Pa. 1958). An "impertinent" allegation is neither responsive nor relevant to the issues involved in the action and which could not be put in issue or given in evidence between the parties. *Gilbert*, 56 F.R.D. at 120, n. 6; *Burke v. Mesta Mach. Co.*, 5 F.R.D. 134 (D. Pa. 1946). An "impertinent" matter consists of statements that do not pertain and are unnecessary to the issues in question. *Fantasy, Inc.*, 984 F.2d at 1527. Matters may be stricken to reduce trial complication or if challenged allegations are so unrelated to plaintiff's claims to be unworthy of consideration as a defense and their presence in the pleading will prejudice the party seeking to strike matters. *Fantasy, Inc.*, 984 F.2d at 1527.

An affirmative defense may be stricken if there are no questions of fact, questions of law are clear and not in dispute, and the defense could succeed under no circumstances. *See Sands*, 902 F.Supp. at 1165.

With these standards in mind, this Court turns to Mr. Frank's criticisms of defendants' answer.

**Physical Abilities Assessment**

Mr. Frank claims that the PAA in defendants' administrative record does not pertain to him. Mr. Frank takes issue with defendants' responses to allegations that the PAA is not the form which defendants sent to his treating physician. More specifically, the amended complaint alleges that:

1. The PAA "was not prepared on the form that Defendants had sent to Dr. Ghazal" (paragraph 26)[4];
2. Mr. Frank's "name was typed on the PAA form that Defendants sent to Dr. Ghazal" (paragraph 27);
3. The PAA "upon which Defendants relied to deny Plaintiff disability benefits does not bear Plaintiff's name or any patient's name" (paragraph 28);
4. Mr. Frank's "date of birth was typed on the PAA form that Defendants sent to Dr. Ghazal" (paragraph 29);
5. The PAA "upon which Defendants relied to deny Plaintiff disability benefits does not bear Plaintiff's date of birth or any patient's date of birth (paragraph 30);
6. "The PAA form that Defendants sent to Dr. Ghazal bore a date that is different from the date" on the PAA (paragraph 31);
7. The PAA "did not pertain to Plaintiff" (paragraph 32); and
8. The PAA "did not describe Plaintiff's physical abilities" (paragraph 33).

Defendants' answer responded to paragraphs 26-33 that defendants admit that the "PAA form signed by Dr. Ghazal is part of the claims file and administrative record and that it speaks for itself. Defendants deny that Plaintiff is eligible for further LTD benefits."

Mr. Frank challenges defendants' responses that the PAA "speaks for itself." Mr. Frank notes that defendants' permissible responses to his allegations are an admission, denial or statement of lack of information or belief to permit defendants to admit or deny an allegation. Mr. Frank contends that defendants must respond properly to the allegations because defendants seek to include the PAA in the administrative record and to determine the case based on the administrative record without further

---

[4] The paragraph references are to the paragraphs of the amended complaint.

4

discovery. Mr. Frank concludes that in the absence of denials to his amended complaint's paragraphs 26-33, their allegations are deemed admitted or "Defendants must file an amended answer, subject to the good faith representation requirements of F.R.C.P. 11, denying these allegations."

Defendants respond that their responses are appropriate in that they "are not required to admit or deny the actual content of a document that is part of the administrative record" and the PAA's content "is the best proof and evidence of the nature and import of the document." Defendants continue that the amended complaint contains "unnecessary advocacy, matters of opinion, and matters which are neither claims nor allegations." Defendants claim that they are required to address only "the averments upon which Plaintiff relied to allegedly state a claim."

F.R.Civ.P. 8(b)(1) requires a defendant responding to a complaint to:

> (A) state in short and plain terms its defenses to each claim asserted against it; and
>
> (B) admit or deny the allegations asserted against it by an opposing party.

"A denial must fairly respond to the substance of the allegation." F.R.Civ.P. 8(b)(2). If a defendant "lacks knowledge or information sufficient to form a belief about the truth of an allegation," the defendant "must so state, and the statement has the effect of a denial." F.R.Civ.P. 8(b)(5).

Courts have explained the need to comply with F.R.Civ.P. 8(b):

> Rule 8(b) is quite specific in defining the only circumstances under which a pleader can do something other than either admit or deny an allegation:
>
> . . .
>
> That carefully-framed requirement has gained added significance now that Rule 11 has put added teeth into the need for a lawyer's prior verification of what is said in any pleading he or she signs or files. Rule 8(b) teaches (1) the critical factor for a party seeking the benefit of a deemed denial is his or her belief, rather than out-and-out knowledge, as to whether or not an allegation is true and (2) information may be enough to support such a belief that the allegation is true.

*Gilbert v. Johnston*, 127 F.R.D. 145, 146 (N.D. Ill. 1989).

Courts do not tolerate the "speaks for itself response":

> Another unacceptable device, used by lawyers who would prefer not to admit something that is alleged about a document in a complaint (or who may perhaps be too lazy to craft an appropriate response to such an allegation), is to say instead that the document "speaks for itself." This Court has been attempting to listen to such written materials for years (in the forlorn hope that one will indeed give voice) – but until some

5

> such writing does break its silence, this Court will continue to require pleaders to employ one of the three alternatives that are permitted by Rule 8(b) in response to all allegations about the contents of documents (or statutes or regulations).

*State Farm Mut. Auto. Ins. Co. v. Riley*, 199 F.R.D. 276, 279 (N.D. Ill. 2001).

"An allegation – other than one relating to the amount of damages – is admitted if a responsive pleading is required and the allegation is not denied." F.R.Civ.P. 8(b)(6). "Averments in a pleading to which a responsive pleading is required, other than those as to the amount of damage, are admitted when not denied in the responsive pleading." *King Vision Pay Per View, Ltd. v. J.C. Dimitri's Restaurant, Inc.*, 180 F.R.D. 332, 334 (N.D. Ill. 1998).

The amended complaint's paragraphs 26-33 make specific factual allegations as to the PAA upon which defendants rely to terminate Mr. Frank's LTD benefits. The gist of the paragraph 26-33 allegations is that Dr. Ghazal completed a PAA that did not pertain to Mr. Frank and defendants relied on such PAA to deny Mr. Frank's LTD benefits. These allegations do not ask defendants to admit or deny the PAA's substantive contents. With their responses, defendants attempt to duck specific factual allegations, "not unnecessary advocacy" or "matters of opinion." Defendants' responses disregard F.R.Civ.P. 8(b) requirements and will not be tolerated by this Court. To respond to a complaint's allegation, F.R.Civ.P. 8(b) requires: (1) an admission; (2) a denial; or (3) a statement of absence of knowledge or sufficient information. Although this Court is empowered and is tempted to deem the responses to paragraphs 26-33 as admissions, this Court GRANTS defendants leave to amend their responses to paragraphs 26-33 to conform with F.R.Civ.P. 8(b) and F.R.Civ.P. 11(b). If the amended responses fail to deny paragraphs 26-33, paragraphs 26-33 will be deemed admitted.

Moreover, contrary to defendants' suggestion, the import of Mr. Frank's alternative motions is not to strike the PAA from the administrative record. The PAA and the remainder of the administrative record will be available for this Court's de novo review. Based on evidence at trial, this Court will be in a position to evaluate the PAA and accord it appropriate weight.

### Satisfaction Of Appeal Requirements

The amended complaint's paragraph 23 alleges that Mr. Frank "has fully satisfied all appeal requirements under the Plan, and his appeal has been denied." Defendants' answer denied "all allegations in said Paragraph in their entirety." The parties' Joint Scheduling Report ("report"), signed

by defense counsel, notes: "Defendants admit Plaintiff has fully exhausted his administrative remedies under the Plan."

Mr. Frank characterizes as a "judicial admission" defendants' acknowledgment in the report that Mr. Frank exhausted his administrative remedies under the Plan. Mr. Frank contends that defendants' denial to paragraph 23 of the amended complaint is contrary to defendants' prior judicial admission[5] and must be stricken to render the allegation deemed admitted.

A "party is bound by what it states in its pleadings." *Soo Line Railroad Co. v. St. Louis Southwestern Railway Co.*, 125 F.3d 481, 483 (7th Cir. 1997). "Judicial admissions are formal concessions in the pleadings, or stipulations by a party or its counsel, that are binding upon the party making them." *Keller v. United States*, 58 F.3d 1194, 1198, n. 8 (7th Cir. 1995).

In their opposition papers, defendants admit that Mr. Frank exhausted his administrative remedies and that his appeal was denied after he satisfied appeal requirements. As such, this Court GRANTS defendants' request and leave to amend their response to paragraph 23 to admit that Mr. Frank exhausted administrative remedies.

**Reliance On PAA**

The amended complaint's paragraph 25 alleges: "Defendants' determination that Plaintiff was not disabled was based upon a 6/26/06 Physical Ability Assessment ["PAA"] form." In their answer to respond to paragraph 25, defendants "admit that the 6/26/06 PAA and LINA's correspondence to Plaintiff are part of the claims file and administrative record that those documents speak for themselves. Defendants deny that Plaintiff is eligible for further LTD benefits."

The report notes:

> Defendant LINA based its decision to terminate Plaintiff's LTD benefits, as well as to deny his appeals of that decision, on the evidence in the administrative record considered in total. This included, but is not limited to, on [sic] the following:
>
> 1.  Dr. Malcolm E. Ghazal's June 26, 2006, Physical Abilities Assessment form which indicated that Plaintiff was capable of working an 8-hour workday with restrictions including "positional changes and meal breaks."

Mr. Frank characterizes as a "judicial admission" defendants' acknowledgment that they relied

---

[5] The parties filed the report May 2, 2008, three months prior to defendants' answer to the amended complaint.

on the PAA. Mr. Frank contends that since defendants' response to paragraph 25 is neither a denial nor an admission and is contrary to the statements in the report, the response should be stricken and paragraph 25 deemed admitted.

Similar to defendants' responses to paragraphs 26-33, defendants response to paragraph 25 disregards F.R.Civ.P. 8(b) requirements and will not be tolerated by this Court. Although this Court is empowered and is tempted to deem the response as an admission, this Court GRANTS defendants leave to amend their response to paragraph 25 to conform with F.R.Civ.P. 8(b) and F.R.Civ.P. 11(b). If the amended response fails to deny paragraph 25, paragraph 25 will be deemed admitted.

### De Novo Review

Defendants' answer to the amended complaint asserts a (third) affirmative defense of decision not arbitrary or capricious:

> Under the terms of the Plan, LINA is vested with discretionary authority to determine eligibility for benefits and to interpret the terms and provisions of the insurance policy. The claim decision is properly reviewed by the court under an arbitrary and capricious standard of review. The decision to deny Plaintiff's claim for continued long term disability benefits and continued life insurance benefits was not arbitrary and capricious.

The report notes: "Defendants admit that the standard of review in this matter is *de novo*." The report further notes: "As discussed above, this matter is governed by *de novo* review . . ."

Mr. Frank characterizes as a "judicial admission" and "legally correct," the statements that "this matter is subject to the *de novo* standard of review." As such, Mr. Frank concludes that the (third) affirmative defense of decision not arbitrary or capricious should be stricken. Defendants concede that the standard of review is de novo and agree to strike (third) affirmative defense of decision not arbitrary or capricious.

### CONCLUSION AND ORDER

For the reasons discussed above, this Court ORDERS defendants, no later than October 7, 2008, to file an amended answer to conform to this order and to:

1. Satisfy F.R.Civ.P. 8(b) and F.R.Civ.P. 11(b) to respond to paragraphs 25-33 of Mr. Frank's amended complaint. If defendants fail to deny paragraphs 25-33, paragraphs 25-33 will be deemed admitted; and

    2.    Admit paragraph 23 of Mr. Frank's amended complaint that Mr. Frank exhausted his administrative remedies and that his appeal was denied after he satisfied appeal requirements.

This Court STRIKES defendants' (third) affirmative defense of decision not arbitrary or capricious.

    IT IS SO ORDERED.

**Dated:   September 24, 2008**               /s/ Lawrence J. O'Neill
UNITED STATES DISTRICT JUDGE