1
2
3
4
5
6          **IN THE UNITED STATES DISTRICT COURT**

7          **FOR THE EASTERN DISTRICT OF CALIFORNIA**

8

9    JAMES FRANK,                                    CASE NO. CV-F-08-284- LJO-GSA

10              Plaintiff,                    **ORDER ON PLAINTIFF'S MOTION
                                              FOR ATTORNEYS' FEES** (Doc. 84)
11        vs.

12   WILBUR-ELLIS COMPANY SALARIED
     EMPLOYEES LTD PLAN and LIFE
13   INSURANCE COMPANY OF NORTH
     AMERICA,
14

15              Defendants.
     _____/
16

17                              **INTRODUCTION**

18        Plaintiff James Frank ("Mr. Frank") moves for attorneys fees as prevailing plaintiff in an

19   Employee Retirement Income Security Act ("ERISA") action, pursuant 29 U.S.C. §1132(g)(1) and Fed.

20   R. Civ. P. 54(d).  Mr. Frank seeks an award of "at least $214,467.50" in attorneys fees and $2,494.17

21   in costs.  In addition, Mr. Frank moves for pre-judgment interest based on the ten percent (10%) rate

22   afforded under California Insurance Code section 10111.2, for a sum of $7,902.72.  In opposition,

23   defendants Wilbur-Ellis Company Salaried Employees LTD Plan ("Wilbur Ellis) and Life Insurance

24   Company of North America (LINA") (collectively, "Defendants") assert that Mr. Frank is not entitled

25   to attorneys' fees, Mr. Frank seeks an excessive amount in fees and costs, and Mr. Frank's pre-judgment

26   interest motion is an impermissible motion for reconsideration.  For the following reasons, this Court

27   GRANTS in part and DENIES in part Mr. Frank's motion, and AWARDS Mr. Frank $135,425 in

28   attorneys' fees and  $2,286.17 in costs.

                                        1

**BACKGROUND**

Mr. Frank filed suit under ERISA seeking reinstatement of his long-term disability ("LTD") benefits, and retroactive benefits, under the LTD insurance policy issued by LINA under the Willbur Ellis LTD Plan.  Based on its de novo review of the administrative record, and after considering the briefs submitted by all parties, this Court issued its June 25, 2009 Trial Decision to rule in favor of Mr. Frank and against Defendants.

On July 23, 2009, Mr. Frank moved for an award of attorneys' fees and costs, and moved for an award of 10% pre-judgment interest.  Defendants opposed the motion on August 10, 2009.  Mr Frank replied on August 17, 2009.  This Court finds this motion suitable for a decision without a hearing, vacates the August 24, 2009 hearing pursuant to Local Rule 78-230(h), and issues the following order.

**DISCUSSION**

**Attorneys Fees Motion**

*Standards*

Section 502(g) of ERISA provides that this Court "in its discretion may allow attorney's fees...to either party."  Only the prevailing party is entitled to consideration for attorneys' fees in an ERISA action. *Martin v. Blue Cross & Blue Shield*, 115 F.3d 1201 (4th Cir. 1997).  To determine whether to award attorneys' fees, the Court considers five factors:

> among others: (1) the degree of the opposing party's culpability or bad faith; (2) the ability of the opposing party to satisfy an award of fees; (3) whether an award of fees against the opposing party would deter others from acting under similar circumstances; (4) whether the party requesting fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA; and (5) the relative merits of the parties' positions.

*Hummell v. S.E. Rykoff & Co.*, 634 F.2d 446, 453 (9th Cir. 1980) ("*Hummell* factors").  "In cases where a participant or beneficiary has had to resort to litigation against a plan to recover wrongfully withheld benefits...[the] application of the *Hummell* factors must recognize the remedial purpose of ERISA in favor of participants and beneficiaries." *Honolulu Joint Apprenticeship & Training Comm. v. Foster*, 322 F.3d 1234, 1239 (9th Cir. 2003).  "[A] prevailing participant or beneficiary 'should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust.'" *Id*. (quoting *Smith v. Cmta-Iam Pension Trust*, 746 F.2d 587, 589 (9th Cir. 1984)).

2

1   With these standards in mind, this Court considers whether Mr. Frank is entitled to an award of

2   attorneys fees.

3   *Consideration of* Hummel *Factors*

4   The second and fifth *Hummel* factors strongly favor an award of attorneys' fees.  As to the second

5   factor, Mr. Frank submits an Annual Report of LINA to demonstrate its ability to satisfy an attorneys'

6   fees award.  (Declaration of William T. McLaughlin II ["McLaughlin Decl."], Exhibit D).  Defendants

7   do not dispute their ability to pay the award.  As to the fifth factor, Mr. Frank relies on this Court's Trial

8   Decision, in which this Court weighed the relative merits of this action:

9       Mr. Frank provides credible evidence that he remained disabled under the Plan.
10  Drs. Ghazal and Hackett indicated in their September 1, 2006 letters that Mr. Frank
    remained disabled.  Dr. Ghazal credibly repudiated the June 26 PAA and explained that
    the February 8 Supplement was a mistake.  Dr. Ghazal's September 1, 2006 opinion was
11  consistent with his opinion in his March 2006 office notes.  Dr. Hackett's medical
    opinion remained consistent that Mr. Frank is disabled, and his letter explained that Mr.
12  Frank remains disabled notwithstanding the activities reported in his April 11, 2006
    office notes.

13

14      By contrast, LINA provided no evidence from a physician who has examined Mr.
    Frank to rebut Dr. Ghazal's and Dr. Hackett's opinions that Mr. Frank remained disabled.
15  LINA chose not to have Mr. Frank undergo an independent medical evaluation.
    (Citations).  LINA erroneously failed to investigate, and continued to rely on, documents
16  that were discredited, repudiated, and sent in error. (Citations). LINA relied on erroneous
    information to refer Mr. Frank for a TSA, to conclude that Mr. Frank qualified for three
17  "light duty" occupations, and to conclude that Mr. Frank was ineligible for LTD benefits;
    however, LINA may not "deny claims based only on the unsupported conclusions of its
    employees." (Citations).  LINA erred to disregard the opinions of Drs. Ghazal and
18  Hackett in their September 1, 2006 letters.

19  Trial Decision, 16:12-17:13.  For these reasons, and considering that all of Mr. Frank's substantive

20  claims were meritorious, the relative merits of this action strongly favor an attorneys' fees award.

21  The third factor–whether an award of fees against the opposing party would deter others from

22  acting under similar circumstances–also favors an attorneys' fees award.  As set forth above, and more

23  fully in its Trial Decision, LINA denied Mr. Frank benefits based on erroneous and discredited

24  information, continued to deny Mr. Frank benefits notwithstanding evidence provided by Mr. Frank to

25  demonstrate his continued disability status, failed to follow ERISA procedural guidelines, and forced

26  Mr. Frank to pursue litigation to recover benefits wrongfully denied.   This is the type of behavior

27  ERISA seeks to remediate.  *Honolulu Joint Apprenticeship & Training Comm.*, 322 F.3d 1234, 1239.

28  Accordingly, this factor weighs in favor of an attorneys' fees award.

3

1    This Court finds that the first factor is neutral, and does not weigh in favor or against an award

2  of attorneys' fees.  The first factor is the culpability of the party, or whether the party acted in bad faith.

3  To support his position that Defendants acted in bad faith, Mr. Frank relies on the following conclusions

4  of law set forth in this Court's Trial Decision:

> In addition, LINA failed to have a "meaningful dialogue" with Mr. Frank in deciding whether to discontinue LTD benefits. (Citations) LINA "was required to give [Mr. Frank] 'a description of any additional material information' that was 'necessary' for [him] to perfect the claim, and to do so 'in a manner calculated to be understood by the claimant.'" (citations).  LINA ignored Mr. Frank's written inquiry regarding what LINA relied on to determine that he could return to work.  LINA sought no clarification regarding the perceived discrepancy between Dr. Hackett's April 11 office notes and his April 27 PAA.  Furthermore, LINA cited that discrepancy for the first time in its affirmation of its denial of Mr. Frank's appeal without considering Dr. Hackett's explanation or without giving Mr. Frank the chance to submit further evidence to support his disability claim:
>
> > [T]he fact that the claims administrator presented a new reason at the last minute bears on whether denial of the claim was the result of an impartial evaluation or was colored by [the administrator's] conflict of interest. After all, coming up with a new reason for rejecting the claim at the last minute suggests that the claim administrator may be casting about for an excuse to reject the claim rather than conducting an objective evaluation. (Citation)

16  Trial Decision, 17:14-28. Defendants argue that there is no evidence of bad faith toward Mr. Frank; they

17  merely made an incorrect determination that Mr. Frank was not disabled.  This passage demonstrates

18  Defendants' failure to follow ERISA procedural guidelines and weighs in favor of an award, as

19  discussed above in the third factor.  The Court also considered Defendants' behavior above, when the

20  Court contrasted Defendants' failure to investigate and continual reliance on discredited and repudiated

21  documents with Mr. Frank's statement from his treating physicians.  This behavior favors an award

22  based on the fifth *Hummel* factor.  Because the Court has already considered these arguments in the third

23  and fifth factors, this Court finds the first *Hummel* factor to be neutral.

24    Similarly, this Court finds the fourth *Hummel* factor to be neutral.  Mr. Frank did not seek to

25  benefit all participants and beneficiaries of an ERISA plan, and did not resolve a significant legal

26  question regarding ERISA.  Accordingly, this Court finds that this factor does not weigh for or against

27  an award of attorneys' fees.

28    The Court now balances its analysis of the *Hummel* factors.  "The *Hummell* factors reflect a

4

balancing and [the Court] need not find that each factor weighs in support of fees." *S.A. McElwaine v. U.S. West, Inc.*, 176 F.3d 1167, 1173 (9th Cir. 1999) (granted motion when four of five factors favored award); *c.f., Blanton v. Anzalone*, 760 F.2d 989, 992 (9th Cir. 1995) (denied motion when four of five factors weighed against award); *Saltarelli v. The Bob Baker Medical Trust*, 35 F.3d 382, 288 (9th Cir. 1994) (denied motion when "[n]one of these factors weighs for or against an award to either [party]."). As set forth above, the Court finds that two factors strongly favor an award, one factor favors an award, and two factors are neutral.  Balancing these factors, and considering that "[a] prevailing participant or beneficiary should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust," *Honolulu Joint Apprenticeship & Training Comm.*, 322 F.3d 1234, 1239, this Court finds Mr. Frank is entitled to an award of attorneys' fees. *See, e.g.*, *Moon v. Unum Provident Corp.*, 461 F.3d 639 (6th Cir. 2006) (awarded attorneys fees to LTD claimant where insurer based its decision to deny benefits on opinion of physician that had not even examined claimant and to deter other insurers from engaging in similar behavior); *see also, Grosz-Salomon v. Paul Revere Life Ins. Co.*, 237 F.3d 1154, 1164 (9th Cir. 2001) (Where "the fact that the plaintiff prevailed is evident from the order of the district court, it is unnecessary for the court to engage in a discussion of the factors enumerated in Hummell.") (quotations omitted); *Nelson v. EG&G Energy Measurements Group*, 37 F.3d 1284, 1392 (9th Cir. 1994) ("As a general rule, ERSA employee plaintiffs should be entitled to a reasonable attorney's fee if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit.").

*Attorneys' Fees Request and Standard*

To determine a reasonable award of attorneys' fees in an ERISA action, this Court employs a "hybrid lodestar/multiplier approach used by the Supreme Court in *Hensley v. Eckerhart*, 461 U.S. 424 (1983)." *Van Gerwen v Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000). "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Riverside v. Rivera*, 477 U.S. 561, 568 (1986) (quoting *Hensley*, 461 U.S. 424, 433). "This figure, commonly referred to as the 'lodestar,' is presumed to be the reasonable fee ." *Id*.  To support the lodestar calculation, the prevailing plaintiff must submit documentary evidence detailing the number of hours spent and how it determined the hourly

rate requested. *Hensley*, 461 U.S. at 433.  After the Court calculates the lodestar, and in rare and exceptional cases, the Court may adjust the lodestar upward or downward using a "'multiplier' based on factors not subsumed in the initial calculation of the lodestar." *Van Gerwen*, 214 F.3d at 1045.

Mr. Frank requests a lodestar figure of $214,467.50[1], based on the following:

| Timekeeper | Position | Rate | Hours | Total |
|---|---|---|---|---|
| William McLaughlin | Lead attorney | $450 | 298 | $134,100 |
| Timothy Sullivan | Initial lead attorney | $400 | 127.60 | $51,040 |
| Thomas McLaughlin | Associate | $300 | 18.7 | $5,610 |
| Benjamin Shein | Associate | $225 | 66.3 | $14,917.5 |
| Julie Butler | Paralegal | $150 | 42.8 | $6,420 |
| Will McLaughlin | Paralegal | $125 | 19.4 | $2,425 |
| Susan L. Horner | Consultant | $500 | 10.9 | $5,450 |
| Total | | | 583.7 | $219,962.5 |

Defendants object to the hourly rate requested, the number of hours billed, and Mr. Frank's request to recover attorneys' fees for the work of the two paralegals.  Defendants propose a lodestar figure of $118,850, based on the following:

| Timekeeper | Position | Rate | Hours | Total |
|---|---|---|---|---|
| William McLaughlin | Lead attorney | $325 | 194.5 | $63,212.50 |
| Timothy Sullivan | Initial lead attorney | $300 | 122.6 | $36,780 |
| Thomas McLaughlin | Associate | $250 | 10.4 | $2,540 |
| Benjamin Shein | Associate | $225 | 48.3 | $10,867.50 |
| Susan Horner | Consultant | $500 | 10.9 | $5,450 |
| Total | | | 386.7 | $118,850 |

---

[1]The Court notes multiple discrepancies in Mr. Frank's calculations, including the sum of total hours (in the motion and reply papers), the lodestar requested, and the hourly rate requested for Thomas McLaughlin.  This Court performed an accounting of the documents filed in support of this motion and includes hours verified and charged.  This Court excludes hours identified in the billing records as "N/C" to indicate that there is no charge.  As a result, the hours written by Mr. Frank and the lodestar amount differ from that provided in this table.  Similarly, Defendants' suggested hours in the opposition table differ from those they request to deduct within the body of the opposition.  This Court uses the accounting as provided in the records to arrive at the parties' requested lodestar calculations.

6

1    In addition, Defendants argue that the lodestar should be reduced for award of 80% of the total lodestar.

2    The Court considers the parties' arguments below.

3                                                *Hourly Rate*

4            The Court begins its analysis by determining a reasonable hourly fee.  The Court considers a

5    number of factors to determine a reasonable fee, such as experience, reputation, outcome of the

6    proceedings, customary fees, and the novelty or the difficulty of the question presented. *Kerr v. Screen*

7    *Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975) (cited in *Chalmers v. Los Angeles*, 796 F.2d 1205,

8    1211 (9th Cir. 1986)).  In addition, "the established standard when determining a reasonable hourly rate

9    is the rate prevailing in the community for similar work performed by attorneys of comparable skill,

10   experience, and reputation." *Camacho v. Bridgeport Financial, Inc.*, 523 F.3d 973, 979 (9th Cir. 2008).

11   "Generally, when determining a reasonable hourly rate, the relevant community is the forum in which

12   the district court sits." *Id*.

13           Mr. Frank contends that the hourly fees requested are reasonable.  Mr. Frank submits numerous

14   declarations from attorneys who worked on this case and attorneys throughout the state of California

15   who work on ERISA cases to support his requested hourly rates, including declarations from William

16   T. McLaughlin II, Timothy R. Sullivan, Glenn R. Kantor, Abraham N. Goldman, William J. Smith,

17   Susan L. Horner, Barry J. Bennett,  James R. Frank, and James B. Betts.  Defendants objected to the

18   declarations, and submit declarations of Sherida A Stroble and Russell H. Birner in support of their

19   opposition to Mr. Frank's motion.  This Court has read and considered each declaration, and has

20   reviewed the cases cited therein.  Having considered the parties' arguments, including the declarations

21   and the applicable cases, this Court finds the following hourly rates to be reasonable for the following

22   reasons:

23           William T. McLaughlin II ("Mr. McLaughlin") seeks an hourly rate of $450 per hour.  He is a

24   25-year attorney who is board certified in trial advocacy and has extensive litigation and trial experience

25   in both state and federal courts.  He has practiced insurance law for 20 years and has taught insurance

26   law at San Joaquin College of Law.  Mr. McLaughlin, however, does not have extensive ERISA

27   experience. Mr. McLaughlin's lack of expertise in ERISA matters was demonstrated by his unsuccessful

28   motion for summary judgment on the standard of review.  Mr. Laughlin presents cases from throughout

                                                    7

1   California in which courts have awarded between $325 per hour (Fresno Superior Court) and $575 per

2   hour (Northern District of California) for a lead counsel.

3         The declarations of counsel and cases demonstrate that in the Central District of California and

4   the Northern District of California, the 2008-2009 hourly rate for an experienced ERISA attorney is

5   $500-550.  These declarations and cases, however, do not establish a reasonable hourly rate in the Fresno

6   division of the Eastern District of California, which is the prevailing market.  This Court, having

7   considered the attorneys' experience, the relevant cases, the complex nature and the prevailing market

8   rate in the Fresno Division of the Eastern District of California, finds that a reasonable hourly rate for

9   Mr. McLauglin is $350.  *See, e.g., Aguilar v. Melkonian Enters., Inc.*, 2007 U.S. Dist. LEXIS 8146 (E.D.

10  Cal. 2007) (finding reasonable hourly rates of $295 per hour for an associate, $180 per hour for a law

11  clerk, and $150 per hour for a paralegal); *Schofield v. Metro. Life Ins. Co.*, 2009 U.S. Dist. LEXIS 36312

12  (E.D. Cal. 2009); *Kniespeck v. Unum Life Ins. Co. of America*, 2007 U.S. Dist. LEXIS 98021 (E.D. Cal.

13  2007) (finding reasonable hourly rate of $350 for lead counsel and $100 per hour for legal assistant).

14        Mr. Frank requests a rate of $400 per hour for Timothy Sullivan ("Mr. Sullivan"), $300 per hour

15  for Thomas G. McLaughlin ("Thomas")[2], $225 per hour for Benjamin C. Shein ("Mr. Shein"), $500 per

16  hour for Susan L. Horner ("Mr. Horner") and $150 and $125 per hour for the paralegals.  Defendants

17  argue that because of the attorneys' lack of ERISA experience, a reasonable hourly rate should be $300

18  for Mr. Sullivan and $250 for Thomas.  Defendants do not oppose the proposed hourly rates for Mr.

19  Shein, the paralegals, or Ms. Horner.

20        Mr. Sullivan, Mr. McLaughlin's former partner, has extensive litigation and trial experience, and

21  has practiced insurance and ERISA matters for over 20 years.  Thomas is a fourth year associate and has

22  been involved in six trials.  Considering the reasonable rates in this forum, this Court finds that a

23  reasonable hourly rate for Mr. Sullivan is $350.  Mr. Frank has established that the requested hourly rates

24  for Thomas, Mr. Shein and the paralegals are reasonable. *See, Aguilar v. Melkonian Enters., Inc.*, 2007

25  U.S. Dist. LEXIS 8146 (E.D. Cal. 2007) (finding reasonable hourly rates of $295 per hour for an

26  associate, $180 per hour for a law clerk, and $150 per hour for a paralegal); *Schofield*, 2009 U.S. Dist.

27

28      [2]The Court intends no disrespect, and uses the given name to reduce confusion in this action that includes three people with the surname of McLaughlin.

1  LEXIS 36312; *Kniespeck v. Unum Life Ins. Co. of Am.*, 2007 U.S. Dist. LEXIS 98021 (E.D. Cal. 2007)

2  (finding reasonable hourly rate of $350 for lead counsel and $100 per hour for legal assistant).

3                                          *Hours Expended*

4          Next, the Court considers the reasonableness of the hours expended.  Defendants argue that the

5  hours should be reduced for the following reasons: (1) the attorneys billed (a) 8.2 hours of duplicative

6  and unnecessary work; (b) 10 hours of excessive work; and (c) 29.7 hours of vague and repetitive

7  activity; (2) 136.1 hours billed for the unnecessary preparation of an impermissible summary judgment

8  motion should be deducted; and (3) 60.7 paralegal hours should be deducted because Mr. Frank failed

9  to establish that they should be billed separately.

10         "In determining the appropriate lodestar amount, the district court may exclude from the fee

11  request any hours that are 'excessive, redundant, or otherwise unnecessary.'" *Welch v. Metro. Life Ins.*

12  *Co.*, 480 F.3d 942, 946 (9th Cir. 2007) (quoting *Hensley*, 461 U.S. 424, 434).  This Court agrees with

13  Defendants that 8.2 hours for work done by two attorneys for "review, evaluation, and compilation of

14  motion for summary judgment research" after this Court's denial of Mr. Frank's summary judgment

15  motion is duplicative and unnecessary, and reduces those hours to 4.1 (a reduction .75 hours for Thomas

16  and 2.85 hours for Mr. McLaughlin).  Defendants point out that Mr. Sullivan billed 10 hours for "legal

17  research regarding sufficiency of 'admission' that PAA 'speaks for itself.'" and "legal research regarding

18  challenge to sufficiency of answer."  Defendants argue that an experienced attorney, regardless of ERISA

19  experience, should not need to conduct 10 hours of legal research to determine whether an answer to a

20  compliant is sufficient or subject to challenge.  This Court agrees, and reduces Mr. Sullivan's billing on

21  this issue by 5 hours.  Defendants object to 29.7 hours by Mr. McLaughlin as an "inordinate amount of

22  time on the vague, repetitive activity of reviewing, analyzing, and evaluating the file multiple times

23  while no new events or issues arose."  This Court agrees, and reduces Mr. McLaughlin's hours by 6.0

24  hours.[3]

25         Defendants object to the hours billed for Mr. Frank's summary judgment motion, and argue that

26

27         [3]In reply, Mr. Frank's attorneys' total hours requested are *less* than the total hours calculated in this opinion.  Thus,
28  if this Court did not reduce these 16.1 hours as excessive, duplicative or unnecessary, the Court would reduce the total hours
    to account for Mr. Frank's accounting discrepancies.

those hours were unnecessary.  Defendants contend that Mr. Frank's counsel's inexperience in ERISA matters resulted in the filing of an impermissible and improper summary judgment motion.  Defendants argue that Mr. Frank erred in filing a motion for summary judgment on the standard of review in this case, when defense counsel warned Mr. Frank's counsel that such a motion was not proper in the Ninth Circuit.   Both parties submit an email conversation between Mr. McLaughlin and Adrienne C. Publicover ("Ms. Publicover").  In the email messages, Ms. Publicover advised Mr. Laughlin repeatedly that summary judgment was improper under *Kearney*, and was not provided for in the Court's scheduling conference order.  In denying Mr. Frank's summary judgment motion, this Court agreed with Ms. Publicover to rule:

> At the outset, Mr. Frank fails to demonstrate how this Court may skirt the *Kearney* requirement to conduct a trial on the record and address the disability issue by summary judgment...Mr. Frank's disagreement with LINA's evaluation of the medical evidence does not amount to procedural irregularities to entitle him to evidence beyond the administrative record...A trial on the administrative record, not summary judgment, without additional evidence is the proper means to determine whether Mr. Frank is disabled.  This Court agrees with the Plan and LINA that the points raised in pages 11-22 of Mr. Frank's opening brief are improper for summary judgment determination. Moreover, Mr. Frank's reply papers raise improper points, and if anything, highlight factual issues which would preclude summary judgment.
> Moreover, at the September 10, 2008 scheduling conference and in their joint scheduling report, the parties contemplated no pretrial motions, and this Court's scheduling order set no pretrial motion filing and hearing deadlines in favor of trial.  Mr. Frank exceeded the scheduling order with his summary judgment/adjudication motion.

Summary Judgment/Adjudication Decision, 7:28-8:15.  For these reasons, this Court agrees that Mr. Frank should not recover attorneys' fees for his unsuccessful and ill-advised summary judgment motion. Accordingly, this Court deducts 90.3 hours billed by Mr. McLaughlin, 17.2 hours billed by Thomas, and 28.2 hours billed by Mr. Schein.

Defendants also object to Mr. Frank's request for reimbursement of 42.8 hours of paralegal services at an hourly rate of $150 and 19.4 hours of paralegal services at an hourly rate of $125. Defendants contend that Mr. Frank failed to establish that recovery of paralegal services is customary in the relevant community.  In *Trustees of Constr. Indus. and Laborers Health and Welfare Trust v. Redland*, 460 F.3d 1253, 1257 (9th Cir. 2006), the United States Court of Appeals for the Ninth Circuit set forth the established standard for recover of non-attorney fees:

> If the attorney's hourly rate already incorporates the cost of work performed by non-

10

> attorneys, then courts should not compensate for these costs as an additional reasonable attorney's fee. The key...is the billing custom in the relevant market. Thus, fees for work performed by non-attorneys such as paralegals may be billed separately, at market rates, if this is the prevailing practice in a given community.

Case law establishes that attorneys may recover hours expended by paralegals in Eastern District of California. *See, e.g., Aguilar*, 2007 U.S. Dist. LEXIS 8146 (finding reasonable hourly rates of $295 per hour for an associate, $180 per hour for a law clerk, and $150 per hour for a paralegal); *Schofield*, 2009 U.S. Dist. LEXIS 36312; *Kniespeck*, 2007 U.S. Dist. LEXIS 98021(finding reasonable hourly rate of $350 for lead counsel and $100 per hour for legal assistant). Accordingly, Mr. Frank may recover for the fees associated with the paralegals.

*Additional Hours for Reply*

Mr. McLaughlin declares that he spent an additional 18 hours of time to prepare the reply papers in this motion. Mr. McLaughlin explains that he expended additional hours than estimated because of the points raised in the defendants' opposition papers. The Court notes that Mr. McLaughlin's reply violates this Court's Standing Order (Doc. 8-1), which limits a reply to 10 pages. Based on this violation, this Court exercises its discretion to consider the reply documents and supplemental declarations, but to decline to award additional attorneys' fees for its preparation.

*Lodestar Calculation*

Based on the foregoing, the Court finds that a reasonable attorneys' fees award is $135,425, based on the following lodestar calculation:

| Timekeeper | Position | Rate | Hours | Total |
|---|---|---|---|---|
| William T. McLaughlin | Lead attorney | $350 | 198.35 | $69,422.5 |
| Timothy Sullivan | Initial lead attorney | $350 | 122.6 | $42,910 |
| Thomas G. McLaughlin | Associate | $300 | .75 | $225 |
| Benjamin C. Shein | Associate | $225 | 38.1 | $8,572.5 |
| Jaime Butler | Paralegal | $150 | 42.8 | $6,420 |
| Will McLaughlin | Paralegal | $125 | 19.4 | $2,425 |
| Susan Horner | Consultant | $500 | 10.9 | $5,450 |
| Total | | | 432.9 | $135,425 |

*Lodestar Adjustment*

In "rare cases," this Court may adjust the lodestar upward or downward. *Chalmers*, 796 F.2d at 1212. "[A]n enhanced award is justified only in the extraordinary case." *Id*. at 1213. Defendants argue that the lodestar should be reduced by a multiplier of .80, because entries were block-billed, fees were incurred by Mr. McLaughlin to educate himself about the case and ERISA law, Susan Horner's services were contracted to assist Mr. McLaughlin after Mr. Sullivan left the firm, and Defendants incurred attorneys' fees to oppose the summary judgment motion. These considerations do not create the type of rare or extraordinary case to justify an adjustment of the lodestar. The lodestar is "presumed to be the reasonable fee." *Blum v. Stenson*, 465 U.S. 886, 897 (1984). In addition, this Court took into consideration multiple factors when calculating the lodestar, including Defendants' litigation tactics that required Mr. Frank's attorneys to bill hours that would ordinarily be unnecessary. Moreover, Mr. Frank's attorneys exercised billing discretion by billing in 6 minute increments, and "no charging" unnecessary and duplicative time. Accordingly, this Court finds the lodestar to be a reasonable fee and declines to adjust it downward.

**Costs**

In addition to attorneys' fees, Mr. Frank seeks to recover costs in the amount of $2,494.17. Section 502(g) of ERISA, 29 U.S.C. §1132(g)(1), provides that a "court in its discretion may allow...costs of action to either party." 29 U.S.C. §1132(g)(1) empowers courts to award only the types of costs allowed by 28 U.S.C. §1920, and only in amounts allowed by §1920 by 28 U.S.C. §1821, or by similar such provisions. *Agredano v. Mutual of Omaha Cos*., 75 F.3d 541 (9th Cir. 1996). Mr. Frank provides a breakdown of costs (Doc. 86, Exhibit B). Mr. Frank seeks to recover costs for photocopies, filing fees, postage, service of process, facsimile transmission, mileage for travel to the courthouse, and PACER charges.

Defendants oppose all costs associated with the preparation of Mr. Frank's summary judgment motion. As discussed more fully above, Defendants argue that Mr. Frank erred in filing a motion for summary judgment on the standard of review in this case, despite the fact that defense counsel warned Mr. Frank's counsel that such a motion was not proper in the Ninth Circuit. For the reasons described above, this Court agrees with Defendants that the costs related to Mr. Frank's summary judgment motion

12

1    are not recoverable.  Accordingly, this Court reduces the costs award by $208, for an award of $2,286.17

2    in costs.

3                                              **Interest**

4          Mr. Frank re-raises the argument that "the facts of this case justify deviation from the federal rate

5    and use of the ten percent (10%) rate afforded under state law."  Mr. Frank previously raised this

6    argument in his request for remedies in his Trial Brief.  This Court previously awarded Mr. Frank pre-

7    judgment interest under 28 U.S.C. §1961:

8          Generally, the interest rate prescribed for post-judgement interest under 28 U.S.C. §1961:
           is appropriate for fixing the rate of pre-judgement interest unless the trial judge finds, on
9          substantial evidence, that the equities of that particular case require a different rate."
           *Blankenship*, 486 F.3d at 628.  Mr. Frank submits that a rate of 10% is reasonable and
10         should be applied to the LTD benefits wrongfully withheld by defendants.  Mr. Frank
           fails to provide "substantial evidence" to support his position that this Court should
11         deviate from the general rule of using the interest rate as described in 28 U.S.C. §1961.
           Accordingly, this Court awards Mr. Frank pre-judgment interest in accordance with the
12         rate proscribed in 28 U.S.C. §1961.

13   Trial Decision, 19:2-10.  After the Trial Decision, Mr. Frank submitted a pre-judgment interest schedule

14   to this Court, and included calculations of pre-judgment interest for both the withheld LTD benefits and

15   the life insurance policy premiums.  The Court included such interest in its Judgment.  Accordingly,

16   while not framed as such, Mr. Frank moves for this Court to reconsider its pre-judgment interest award.

17         Local Rule 78-230(k), which governs motions for reconsideration of non-final orders, provides:

18         Whenever any motion has been granted or denied in whole or in part, and a subsequent
           motion for reconsideration is made upon the same or any alleged different set of facts,
19         it shall be the duty of counsel to present to the Judge...to whom subsequent motion is
           made an affidavit, or brief, as appropriate, setting forth each motion for which
20         reconsideration is sought, including:
           1) when and to what Judge...the prior motion was made;
21         2) what ruling, decision or order was made thereon;
           3) what new or different facts or circumstances are claimed to exist or were not shown
22         upon such prior motion, or what other grounds exist for the motion; and
           4) why the facts or circumstances were not shown at the time of the prior motion.

23

24   Though motions for reconsideration are generally disfavored, a motion to reconsider is appropriate if

25   the court committed clear error or the initial decision was manifestly unjust.  *School Dist. No. 1J,*

26   *Multnomah County v. AcandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).  A party seeking reconsideration

27   must set forth facts or law of a strongly convincing nature to induce a court to reverse its prior decision.

28   *Kern-Tulare Water Dist. v. City of Bakersfield*, 634 F.Supp. 565, 665 (E.D. Cal. 1986), *aff'd in part and*

                                                   13

1  *rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1997).

2       In this motion, Mr. Frank impermissibly ignores this Court's previous rulings and its own

3  submissions related to pre-judgment interest.  Mr. Frank provides no new facts or circumstances to

4  justify reconsideration of this Court's previous ruling.  Mr. Frank continues to fail to set forth any

5  "special circumstances" to warrant deviation from federal standard.  In reply, Mr. Frank leaves

6  unaddressed Defendants' argument that Mr. Frank is moving to reconsider this Court's award

7  impermissibly.  For these reasons, the Court declines to reconsider its pre-judgment interest award, and

8  denies this "motion."

9                                    CONCLUSION AND ORDER

10      For the foregoing reasons, this Court:

11      1.      GRANTS in part Mr. Frank's motion for attorneys fees and costs;

12      2.      DENIES Mr. Frank's motion for 10% pre-judgment interest;

13      3.      AWARDS Mr. Frank a total of $135,425 in attorneys' fees,

14      4.      AWARDS Mr. Frank a total of $2,286.17 in costs; and

15      5.      AMENDS the Judgment (Doc. 83) to include the these attorneys' fees and costs awards.

16              A separate Amended Judgement shall be issued in conjunction with this order.

17  IT IS SO ORDERED.

18  **Dated:    August 18, 2009**                      /s/ Lawrence J. O'Neill
                                        UNITED STATES DISTRICT JUDGE

19

20

21

22

23

24

25

26

27

28

                                    14